UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AHP CAPITAL MANAGEMENT LLC, et al., <br><br> Plaintiff(s), <br> v. <br><br> OAK HARBOR CAPITAL LLC, et al., <br><br> Defendant(s). | CASE NO. C25-0171-KKE <br><br> ORDER GRANTING UNOPPOSED MOTION TO WITHDRAW |

Counsel for Plaintiffs filed a joint motion to withdraw representation on August 18, 2025. Dkt. No. 51. Counsel served the motion on their clients and opposing counsel, and certified that they informed their clients that business entities such as Plaintiffs must be represented by counsel. *Id.* at 2. No Defendant filed a response to the motion.

The local rules of this district set out the procedure by which attorneys may withdraw:

> No attorney shall withdraw an appearance in any case, civil or criminal, except by leave of court, unless the withdrawal complies with the requirements of subsections (b)(2) or (b)(3). … The attorney will ordinarily be permitted to withdraw until sixty days before the discovery cut off date in a civil case, and at the discretion of the court in a criminal case.

Local Rules W.D. Wash. LCR 83.2(b)(1).  Business entities other than sole proprietorships must be represented by counsel and cannot proceed pro se.  *See Rowland v. Cal. Men's Colony*, 506 U.S. 194, 201–02 (1993); *see also* 28 U.S.C. § 1654; LCR 83.2(b)(4).  If the withdrawing attorney represents a business entity, "failure to obtain a replacement attorney by the date the withdrawal

ORDER GRANTING UNOPPOSED MOTION TO WITHDRAW - 1

is effective may result in the dismissal of the business entity's claims for failure to prosecute and/or entry of default against the business entity as to any claims of other parties." LCR 83.2(b)(4). Whether to grant an attorney's motion to withdraw is committed to the trial court's discretion. *See John v. Quality Loan Serv. Corp. of Wash.*, 857 F. App'x 943, 943 (9th Cir. Sep. 3, 2021).

In this case, Plaintiffs' counsel has complied with the technical requirements of LCR 83.2(b). This case is at an early stage of litigation and no case schedule has been set. If Plaintiffs find replacement counsel, that replacement should not result in undue delay to the progress of this litigation.

Accordingly, the Court GRANTS Plaintiffs' counsel's motion to withdraw (Dkt. No. 51), effective October 16, 2025. Plaintiffs' outgoing counsel shall email and mail this order to Plaintiffs and file a certificate of service on the docket. If replacement counsel does not appear by October 16, 2025, then the Court will order Plaintiffs to show cause why their claims should not be dismissed for failure to prosecute. All deadlines in this matter are STAYED until further order of the Court.

Dated this 16th day of September, 2025.

Kymberly K. Evanson
United States District Judge